RECHERCHES INDUSTRIELLES, S. A., R. I. S. A., PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101863.    Promulgated September 30, 1941.

*John Eugene Baker, Esq.*, for the petitioner.
*Charles Oliphant, Esq.*, for the respondent.

OPINION.

KERN: In this case petitioner was not engaged in trade or business within the United States and no showing is made that it intended to engage in trade or business here. Therefore, under the reasoning of the majority opinion in *Aktiebolaget Separator*, 45 B. T. A. 243, it could have no "office or place of business" within the United States within the meaning of section 231 (b) of the Revenue Act of 1936, and on the authority of that case we must decide in favor of respondent.

However, it might be well to point out that, even under the reasoning of the dissenting opinion filed in that case, we should reach the same result.

Here the "office" was not a fixed place in which the collector could find a properly authorized agent of petitioner; it was not a place where adequate records of the petitioner's American income could be found; and it was not a place from which control over that income was retained.

In reality, this "office" performed no real function. O'Connor, representing petitioner's appointed agent, the MacRae firm, visited the office only about six times during the year, and three of these visits had to do solely with New Jersey tax matters. Whether or not petitioner was taxable in New Jersey under New Jersey law obviously will not aid us in construing the Federal statute. *Burnet* v. *Harmel*, 287 U. S. 103. Petitioner had the exclusive use, apparently, of no room in the suite of the lawyer, McTague, and it may be doubted on the evidence whether it had the exclusive use of even a desk. McTague stated that he extended the use of his office for a like consideration to some fifty other corporations at the same time, and that they were all there, "but", he carefully added, "of course, you couldn't see them." Apparently his office, like that of many other lawyers in Jersey City, was a sort of corporation clubroom where their agents might abide temporarily, but hardly simultaneously, in communion with the domiciliary State of New Jersey, in order to comply with the requirement of a local office under state law. Petitioner's agent received no mail for petitioner at this "office," save advertisements, had no listed telephone, collected

no dividends, handled no New Jersey bank account for petitioner, kept no books of account, had no permanent employees, and, in so far as the evidence shows, did no acts of an ordinary business nature at its New Jersey "office." Obviously, therefore, petitioner's use of the "office" was both "incidental" and "casual" within the meaning of the Treasury regulations, and in no way did it fulfill the tests laid down in the dissenting opinion in *Aktiebolaget Separator*, *supra*.

*Decision will be entered for the respondent.*