EVELYN M. L. NEILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105307.   Promulgated January 27, 1942.

*James P. Junkin, Esq.*, for the petitioner.
*Paul E. Waring, Esq.*, for the respondent.

OPINION.

LEECH: Respondent determined a deficiency in income tax in the amount of $481.83 for the calendar year 1938. The issues presented are (1) whether the income of petitioner, a nonresident alien individual, is to be computed under section 211 (a) (1) or section 211 (b) of the Revenue Act of 1938,[1] and, if under section 211 (a) (1), (2), whether petitioner is taxable upon net income computed by deduction of mortgage interest paid and is entitled to a personal exemption of $1,000.

We find the facts as stipulated. Briefly, these are that petitioner is a nonresident alien. Her return for the calendar year 1938 was filed with the collector of internal revenue for the first district of .

---

[1] SEC. 211. TAX ON NONRESIDENT ALIEN INDIVIDUALS.

(a) NO UNITED STATES BUSINESS OR OFFICE.—

(1) GENERAL RULE.—There shall be levied, collected, and paid for each taxable year, in lieu of the tax imposed by sections 11 and 12, upon the amount received, by every nonresident alien individual not engaged in trade or business within the United States and not having an office or place of business therein, from sources within the United States as interest (except interest on deposits with persons carrying on the banking business), dividends, rents, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable annual or periodical gains, profits, and income, a tax of 10 per centum of such amount, except that such rate shall be reduced, in the case of a resident of a contiguous country, to such rate (not less than 5 per centum) as may be provided by treaty with such country. For inclusion in computation of tax of amount specified in shareholder's consent, see section 28.

(b) UNITED STATES BUSINESS OR OFFICE.—A nonresident alien individual engaged in trade or business in the United States or having an office or place of business therein shall be taxable without regard to the provisions of subsection (a). As used in this section, section 119, section 143, section 144, and section 231, the phrase "engaged in trade or business within the United States" includes the performance of personal services within the United States at any time within the taxable year, but does not include the performance of personal services for a nonresident alien individual, foreign partnership, or foreign corporation, not engaged in trade or business within the United States, by a nonresident alien individual temporarily present in the United States for a period or periods not exceeding a total of ninety days during the taxable year and whose compensation for such services does not exceed in the aggregate $3,000. Such phrase does not include the effecting of transactions in the United States in stocks, securities, or commodities through a resident broker, commission agent, or custodian.

Pennsylvania. Her income from sources within the United States consists of rentals paid by a tenant occupying property owned by her in Philadelphia, Pennsylvania. She inherited this property upon the death of her husband on October 26, 1937. It is held under a long term lease by a tenant who, under the terms of that lease, erected a building thereon and is obligated under the lease to pay taxes and insurance and maintain the property.

The property referred to is encumbered by a mortgage in the sum of $50,000 executed by petitioner and her husband in 1931, the ground lease on the property having been assigned at that time to the mortgagee as collateral security for the mortgage. For many years petitioner has employed a firm of attorneys with offices in Philadelphia, to whom the tenant pays the rentals due petitioner under her direction. These attorneys then pay for her the interest due upon the mortgage and such incidental expenses for which petitioner may be obligated.

During the calendar year 1938, rental in the sum of $5,000.04 was paid by the tenant to petitioner's attorneys for her account. Of this amount the attorneys paid out $3,360.90, interest due upon the mortgage, $15 in insurance premiums, and miscellaneous expenses of $8.28, or a total of $3,384.18. The petitioner reported upon her return the net rent received after deducting these items, or $1,615.86. Against this income she took credit for $1,000 as a personal exemption as a nonresident alien engaged in a trade or business within the United States. In determining the deficiency, the respondent has computed a tax due under section 211 (a) (1) of the Revenue Act of 1938 at the rate of 10 percent on her gross income of $5,000.04, disallowing the deductions of $3,384.18 and the personal exemption of $1,000.

The issues are determined by whether petitioner is a nonresident alien carrying on business or having a place of business in the United States and therefore taxable on net income under section 211 (b). If she is not, it is clear that her tax is to be computed on gross income under section 211 (a) (1).

Although admitting that she does not operate the building owned by her in Philadelphia, such operation being by the tenant, petitioner contends that such ownership constitutes the carrying on of business. We do not agree. The ownership of this property by petitioner is no more a business activity carried on within the United States than her ownership of stocks or bonds of American companies held for her by an American agent. Cf. *Higgins* v. *Commissioner*, 312 U. S. 212. We think the rule is settled that the mere ownership of property from which income is drawn does not constitute the carrying on of business within the purview of the cited section. *McCoach* v. *Minehill & Schuylkill Haven Railroad Co.*, 228 U. S. 295; *Stafford Owners, Inc.* v. *United States*, 39 Fed. (2d) 743.

Petitioner contends, however, that, if it should be held that she is not engaged in business within the United States within section 211 (b), *supra*, then the facts established show that she maintains an office there for the transaction of business, which is the office of her attorneys in Philadelphia. Upon this question petitioner is concluded by our decisions in *Aktiebolaget Separator*, 45 B. T. A. 243, and *Recherches Industrielles, S. A.*, 45 B.T.A. 253.

Petitioner also argues that since the mortgage was in default in 1938 the mortgagor, who held the lease as security for its payment, was entitled to collect the rents and retain, at least, the interest—that petitioner thus never had a right to receive in the taxable year anything more than the net rents after deduction of the contested interest. Any question on this point is eliminated because no such default has been established.

We hold that petitioner is taxable under section 211 (a) (1), *supra*, that her tax must be computed upon the gross rentals received by her through her attorneys in Philadelphia, and that she is not entitled to the deduction of mortgage interest or expenses, nor to the personal exemption allowed to a nonresident alien engaged in business here.

*Decision will be entered for the respondent.*